# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FIRST MERIT BANK, N.A., an successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 12 CV 02355 |
| v. ) ) | |
| DI PAOLO COMPANY, A. & D. LEASING CO., RIVER GROVE AGGREGATES, INC., DI PAOLO GROUP REALTY & DEVELOPMENT CORPORATION, ANGELO DI PAOLO, EVELYNN T. DI PAOLO, and MIDWEST BANK AND TRUST COMPANY, as Trustee under Trust Agreement Dated May 27, 1970, a/k/a Trust No. 70-05-420, ) ) ) ) ) ) ) ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED
## SECOND AMENDED COMPLAINT

The Defendants, Di Paolo Company, Di Paolo Group Realty & Development Corporation, A. & D. Leasing Co., Angelo Di Paolo, Evelynn T. Di Paolo, and Midwest Bank and Trust Company, as Trustee under Trust Agreement dated May 37, 1970, a/k/a Trust No. 70-05-420 ("Defendants"), by their attorneys, DiMonte & Lizak, LLC, for their answer to the Verified Complaint filed by Plaintiff, First Merit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, states as follows:

1. Plaintiff files this Complaint to, *inter alia*, foreclose the mortgage hereinafter described.

**ANSWER:** Defendants admit the allegations of paragraph 1.

### JURISDICTION AND VENUE

2. Jurisdiction in this Court is based upon diversity of citizenship. 28 U.S.C. § 1332.

There is complete diversity among the parties, and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.00.

**ANSWER:** Defendants admit the allegations of paragraph 2.

3. Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company ("FirstMerit"), is a citizen of the State of Ohio because it is a national association chartered under the laws of the State of Ohio, and it maintains its principal place of business and headquarters in the State of Ohio. FirstMerit is the successor-in-interest to Midwest Bank and Trust Company ("Midwest") by virtue of its acquisition of certain of the assets of that entity, including all of the loans described in this Complaint from the FDIC on May 14, 2010.

**ANSWER:** Defendants admit the allegations of paragraph 3.

4. Defendant- Mortgagor, Midwest Bank and Trust Company, as Trustee under Trust Agreement Dated May 27, 1970, a/k/a Trust No. 70-05-420 (the "Land Trust") is a citizen of the State of Illinois because the citizenship of the beneficiaries of Land Trust is as follows:

    a. Upon information and belief, Angelo Di Paolo ("Angelo"), the sole beneficiary of the Land Trust, is a citizen of the State of Illinois because he maintains his principal place of residence in Glenview, Illinois.

**ANSWER:** Defendants admit the allegations of paragraph 4.

5. The citizenship of other persons or entities joined as Defendants are as follows:

    a. Upon information and belief, Di Paolo Company ("Di Paolo") is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Glenview, Illinois.

    b. Upon information and belief, A. & D. Leasing Co. ("A. & D.") is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Glenview, Illinois.

  c. Upon information and belief, River Grove Aggregates, Inc. ("River Grove") is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Glenview, Illinois.

  d. Upon information and belief, Di Paolo Group Realty & Development Corporation ("Di Paolo Group") is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Glenview, Illinois.

  e. Upon information and belief, Evelynn Di Paolo ("Evelynn") is a citizen of the State of Illinois because she maintains her principal place of residence in Glenview, Illinois.

**ANSWER:** Defendants admit the allegations of paragraph 5.

 6. Venue is proper in this District because the mortgage at issue is secured by property located in this District and a substantial portion of the acts and omissions giving rise to the claim occurred here. 18 U.S.C. § 1391.

**ANSWER:** Defendants admit the allegations of paragraph 6.

## COMMON FACTUAL ALLEGATIONS
### The Di Paolo Borrowers' Indebtedness

 7. On or about December 31, 2003, Di Paolo Company borrowed $25,000.00 from Midwest Bank (the "LOC Loan"), as evidenced by, inter alia, a promissory note of even date (the "LOC Note"), a true and accurate copy of which is attached hereto as **Exhibit 1.**

**ANSWER:** Defendants admit the allegations of paragraph 7.

 8. On or about October 31, 2009, Di Paolo Company, A. & D., and River Grove (collectively the Di Paolo Borrowers") borrowed $1,500,000.00 from Midwest Bank (the "First Di Paolo Loan"), as evidenced by a promissory note of even date (the "First Di Paolo Note"), a true and accurate copy of which is attached hereto as **Exhibit 2.**

**ANSWER:** Defendants admit the allegations of paragraph 8.

3

9. On or about December 28, 2009, the Di Paolo Borrowers borrowed $3,906,408.14 from Midwest Bank (the "Second Di Paolo Loan"), as evidenced by a promissory note of even date (the "Second Di Paolo Note"), a true and accurate copy of which is attached hereto as **Exhibit 3.**

**ANSWER:** Defendants admit the allegations of paragraph 9.

10. On or about March 1, 2010, the Di Paolo Borrowers borrowed $260,000.00 from Midwest Bank (the "Third Di Paolo Loan"), as evidenced by a promissory note of even date (the "Third Di Paolo Note"), a true and accurate copy of which is attached hereto as Exhibit 4.

**ANSWER:** Defendants admit the allegations of paragraph 10.

11. On or about March 31, 2010, the Di Paolo Borrowers borrowed $2,175,000.00 from Midwest Bank (the "Fourth Di Paolo Loan," which collectively with the LOC Loan, the First Di Paolo Loan, the Second Di Paolo Loan and the Third Di Paolo Loan are sometimes referred to herein as the "Di Paolo Loans"), as evidenced by a promissory note of even date (the "Fourth Di Paolo Note," which collectively with the LOC Note, the First Di Paolo Note, the Second Di Paolo Note and the Third Di Paolo Note are sometimes referred to herein as the "Di Paolo Notes"), a true and accurate copy of which is attached hereto as Exhibit 5.

**ANSWER:** Defendants admit the allegations of paragraph 11.

12. The Di Paolo Notes are secured by; among other things:

    a. That certain, absolute, unconditional, unlimited, and continuing personal guaranty of all of the Di Paolo Borrowers' indebtedness to FirstMerit, including, but not limited to, the indebtedness evidenced by the Di Paolo Borrowers Notes, executed by Angelo on January 27, 2009 (the "Angelo

Guaranty"), a true and accurate copy of which is attached hereto as **Exhibit 6**.

b.  That certain, limited guaranty of up to $1,200,000.00, plus such additional amounts as described therein, of the Di Paolo Borrowers' indebtedness to FirstMerit, including, but not limited to, the indebtedness evidenced by the Di Paolo Borrowers Notes, executed by Di Paolo Group on March 1, 2010 (the "Di Paolo Group Guaranty"), a true and accurate copy of which is attached hereto as **Exhibit 7**.

**ANSWER:** Defendants admit the allegations of paragraph 12.

### Angelo Di Paolo's Indebtedness

13. On or about January 27, 2009, Angelo borrowed $3,638,915.00 from Midwest Bank (the "Angelo Loan"), as evidenced by, inter alia, a promissory note of even date (the "Original Angelo Note"), a true and accurate copy of which is attached hereto as **Exhibit 8.**

**ANSWER:** Defendants admit the allegations of paragraph 13.

14. On or about May 5, 2009, the maturity date of the Original Angelo Loan was extended to August 3, 2009, as evidenced by a promissory note of even date (the "First Replacement Angelo Note"), a true and accurate copy of which is attached hereto as **Exhibit 9**.

**ANSWER:** Defendants admit the allegations of paragraph 14.

15. On or about August 3, 2009, the maturity date of the Original Angelo Loan was again extended to October 31, 2009, and the original principal amount of the Angelo Loan was reduced, as evidenced by a promissory note of even date in the original principal amount of $3,638,460.13 (the "Second Replacement Angelo Note," which collectively with the Original

Angelo Note and the First Replacement Angelo Note are sometimes referred to herein as the "Angelo Note"), a true and accurate copy of which is attached hereto as **Exhibit 10**.

**ANSWER:** Defendants admit the allegations of paragraph 15.

    16. The Angelo Note is secured by, among other things:

        a. That certain mortgage dated January 27, 2009, executed by the Land Trust (the "Mortgage"), on property located at 1409 Tuscany Court, Glenview, Illinois 60025 (the "Property"), a true and accurate copy of which is attached hereto as **Exhibit 11.**

        b. That certain, limited personal guaranty of up to $500,000.00 of Angelo's indebtedness to FirstMerit, including, but not limited to, the indebtedness evidenced by the Angelo Note, executed by Evelynn on January 27, 2009 (the "Evelynn Guaranty, which collectively with the Angelo Guaranty and Di Paolo Group Guaranty are sometimes referred to herein as the "Guaranties"), a true and accurate copy of which is attached hereto as **Exhibit 12.**

**ANSWER:** Defendants admit the allegations of paragraph 16.

<strong><u>The Forbearance Agreement</u></strong>

    17. Prior to April 28, 2011, payment defaults existed under the Di Paolo Notes, the Angelo Note, and the Guaranties.

**ANSWER:** Defendants admit the allegations of paragraph 17.

    18. On or about April 28, 2011, the Di Paolo Borrowers, Angelo, and Evelynn (as well as other affiliated entities) and FirstMerit entered into a Forbearance Agreement (the

"Forbearance Agreement"), a true and accurate copy of which is attached hereto as **Exhibit 13,** pursuant to which (among other things):

    a.    Di Paolo Borrowers and Angelo acknowledged that there existed payment defaults under, among other things, the Di Paolo Notes and Angelo Note.

    b.    The repayment of the Di Paolo Note and Angelo Note were cross defaulted with various other loans to certain entities directly or indirectly affiliated with the Di Paolo Borrowers and Angelo such that an event of default under any of the notes would constitute a default under each of them.

    c.    The Di Paolo Borrowers agreed to make certain monthly payments to First Merit.

    d.    FirstMerit agreed to forbear from exercising its rights and remedies for a certain period of time so long as no defaults under the Forbearance Agreement occurred.

**ANSWER:**    Defendants admit the allegations of paragraph 18.

### The Default

19.    The Di Paolo Borrowers defaulted under the. Forbearance Agreement because, among other reasons, it failed to make the monthly payments due thereunder on and after November 25, 2011.

**ANSWER:**    Defendants deny the allegations of paragraph 19.

20.    On or about January 14, 2012 and January 23, 2012, FirstMerit elected to declare the whole of the principal sum remaining unpaid, together with interest, fees, and costs thereon, immediately due and payable. FirstMerit confirms this election by the filing of this Complaint. A true and accurate copy of the Default and Acceleration Notices are attached hereto as **Group Exhibit 14.**

**ANSWER:**    Defendants admit First Merit sent the notices attached to the Complaint as Exhibit

        14. Defendants deny the remaining allegations of paragraph 20.

        21. The Di Paolo Borrowers have failed and refused to pay the entire balance due under the Di Paolo Notes and Angelo Note; including interest thereon, after FirstMerit accelerated them on January 23, 2012.

**ANSWER:** Defendants admit the allegations of paragraph 21.

        22. Each of the foregoing failures and refusals also constitute events of default ("Events of Default") under the Mortgages.

**ANSWER:** Defendants deny the allegations of paragraph 22.

        23. To date, the foregoing Events of Default have not been cured.

**ANSWER:** Defendants deny the allegations of paragraph 23.

        24. Any pre-suit notice requirements have been met, and any and all grace periods have expired or have been a waived. .A true and accurate copy of the Grace Period Notice is attached hereto as **Exhibit 15.**

**ANSWER:** Defendants admit the allegations of paragraph 24.

## COUNT I
## Mortgage Foreclosure

        25. FirstMerit restates, re,alleges and incorporates by reference Paragraphs 1 through 24 of this Complaint as Paragraph 25.

**ANSWER:** Defendants re-state their answers for paragraphs 1 through 24 as and for their answer to paragraph 25.

        26. FirstMerit files this Complaint to foreclose the Property and joins as defendants to Count I the following:

      a.    The Land Trust.

      b.    Angelo.

      c.    Evelynn.

      d.    Di Paolo.

      e.    A. & D.

      f.    River Grove.

      g.    Di Paolo Group.

**ANSWER:** Defendants admit the allegations of paragraph 26.

27.    Information concerning the Mortgage is as follows:

      a.    Nature of Instrument: Mortgage

      b.    Date of Mortgage: January 27, 2009

      c.    Name of mortgagor: Land Trust

      d.    Name of mortgagee:

           i.    Original Mortgagee: Midwest Bank and Trust Company

           ii.    Current Mortgagee: FirstMerit Bank, N.A.

           iii.    Current Loan Servicer: n/a

      e.    Date and place of initial recording: May 7, 2009, Cook County Recorder

      f.    Identification of recording of mortgage: 0912746039

      g.    Estate conveyed: Mortgage of Fee Simple Interest

      h.    Amount of original principal indebtedness, including subsequent advances made under the mortgage: $1,500,000.00

      i.    Legal description of secured premises:

>PARCEL 1: LOT 7 IN TUSCANY COURT UNIT 111 SUBDIVISION, BEING A SUBDIVISION OF PART OF THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 26, TOWNSHIP 42 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
>PARCEL 2: EASEMENT FOR INGRESS AND EGRESS OVER LOT 1 FOR THE BENEFIT. OF PARCEL 1 AS GRANTED IN THE PLAT OF SAID. SUBDIVISION OF THE TUSCANY COURT UNIT 1 RECORDED JULY 22, 1998 AS DOCUMENT 98637032 AND AS CORRECTED BY CERTIFICATE OF CORRECTION RECORDED SEPTEMBER 26, 2000 AS DOCUMENT 00752329, IN COOK COUNTY, ILLINOIS.
>
>Property Index Number: 04-26-200-149-0000
>
>Common Address: 1409 Tuscany Court, Glenview, Illinois 60025

j. Statements as to defaults and amounts now due:

>Plaintiff expressly incorporates herein by reference the Event of Default alleged in Paragraphs 19 through 23 of this Complaint.
>
>The amounts due as of March 30, 2012 are:
>
>| | | | |
>|---|---|---|---:|
>| i. | **Total Principal:** | | **$ 8,926,103.34** |
>| | A. | First Di Paolo Note: | 1,000,375.53 |
>| | B. | Second Di Paolo Note: | 3,748,096.26 |
>| | C. | Third Di Paolo Note: | 250,000.00 |
>| | D. | Fourth Di Paolo Note: | 295,991.49 |
>| | E. | Angelo Note: | 3,631,640.06 |
>| ii. | **Total Interest:** | | **$174,178.82** |
>| | A. | First Di Paolo Note: | 13,088.26 |
>| | B. | Second Di Paolo Note: | 49,037.53 |
>| | C. | Third Di Paolo Note: | 3,270.86 |
>| | D. | Fourth Di Paolo Note: | 6,793.61 |
>| | E. | Angelo Note: | 101,988.56 |
>| iii. | **Total Deferred Interest:** | | **$797,039.66** |
>| | A. | First Di Paolo Note: | 73,902.71 |
>| | B. | Second Di Paolo Note: | 309,120.17 |
>| | C. | Third Di Paolo Note: | 13,576.36 |

          D.      Fourth Di Paolo Note:      132,131.29
          E.      Angelo Note:      268,309.13

    iv.    **Total Late Fees:**    **$276,168.66**
          A.      First Di Paolo Note:      50,573.12
          B.      Second Di Paolo Note:      189,638.03
          C.      Third Di Paolo Note:      12,638.53
          D.      Fourth Di Paolo Note:      23,318.98
          E.      Angelo Note:      0.00

    v.    **Total Other Fees (Letter of Credit): $25,000.00**

    vi.    **Total Due:**    **$10,198,490.48**

    vii.    **Per Diem at 3% per Annum:**
          A.      First Di.Paolo Note:      $83.36
          B.      Second Di Paolo Note:      $312.34
          C.      Third Di Paolo Note:      $20.83
          D.      Fourth Di Paolo Note:      $24.67
          E.      Angelo Note:      $302.64

k.    Name of present owner(s) of the Property: The Land Trust.

l.    Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

    i.    Angelo, by virtue of his beneficial interest in the Land Trust.

m.    Names of persons claimed to be personally liable for deficiency:

    i.    Angelo.
    ii.    Evelynn.
    iii.    Di Paolo.
    iv.    A. & D.
    v.    River Grove.
    vi.    Di Paolo Group.

n.    Capacity in which FirstMerit brings this suit: As the legal holder of the indebtedness and owner of the Mortgage.

o.    Facts in support of shortened redemption period:

FirstMerit does presently request that the redemption period be shortened.

p.     Facts in support of waiver right of redemption period:

FirstMerit does not at this time request that the redemption period be waived.

q.     Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Mortgage, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r.     Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

FirstMerit does not presently request the appointment of a receiver.

s.     FirstMerit does not at this time offer, in accordance with Section 15-1402, to accept title to the Property in satisfaction of all indebtedness and obligations secured by the Mortgage without judicial sale.

t.     Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

The Land Trust, by virtue of its interest as owner of record.

**ANSWER:** Defendants admit the allegations of paragraph 27(a.-i.). Defendants have insufficient knowledge or information as to form a belief about the truth of the allegation in paragraph (j.), and therefore deny the same. Defendants admit the allegations of paragraph (k.-t.).

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT II
### Action to Collect the Di Paolo Notes v. Di Paolo

28. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 24 and 27(j) of this Complaint as Paragraph 28.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 28.

29. By reason of the foregoing, as of March 30, 2012, Di Paolo is indebted to FirstMerit in the amount of $6,124,362.47.

**ANSWER:** Defendants have insufficient knowledge or information to form a belief about the truth of the amount stated to be due in paragraph 29, and therefore deny the same. Defendants deny the remaining allegations of paragraph 29.

30. Interest on the Di Paolo Notes is accruing at 3% per annum.

**ANSWER:** Defendants admit the allegations of paragraph 30.

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT III
### Action to Collect the Di Paolo Notes v. A. & D.

31. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 24 and Paragraph 27(j) of this Complaint as Paragraph 31.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 31.

32. By reason of the foregoing, as March 30, 2012, A. & D. is indebted to FirstMerit in the amount of $6,124,362.47.

**ANSWER:** Defendants have insufficient knowledge or information to form a belief about the truth of the amount stated to be due in paragraph 32, and therefore deny the same. Defendants deny the remaining allegations of paragraph 32.

33. Interest on the Di Paolo. Notes is accruing at 3% per annum.

**ANSWER:** Defendants admit the allegations of paragraph 33.

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT IV
### Action to Collect the Di Paolo Notes v. River Grove

34. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 24 and Paragraph 27(j) of this Complaint as Paragraph 34.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 34

35. By reason of the foregoing, as March 30, 2012, River Grove is indebted to FirstMerit in the amount of $6,124,362.47.

**ANSWER:** Defendants have insufficient knowledge or information to form a belief about the truth of the amount stated to be due in paragraph 35 and therefore deny the same. Defendants deny the remaining allegations of paragraph 35

36. Interest on the Di Paolo Notes is accruing at 3% per annum.

**ANSWER:** Defendants admit the allegations of paragraph 36.

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT V
### Action to Collect the Di Paolo Notes v. Angelo

37. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 24 and Paragraph 27(j) of this Complaint as Paragraph 37.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 37

38. By reason of the foregoing, as March 30, 2012, Angelo is indebted to FirstMerit in the amount of $3,899,949.19.

**ANSWER:** Defendants have insufficient knowledge or information to form a belief about the truth of the amount stated to be due in paragraph 38 and therefore deny the same. Defendants deny the remaining allegations of paragraph 38.

39. Interest on the Angelo Note is accruing at 3% per annum.

**ANSWER:** Defendants admit the allegations of paragraph 39.

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT VI
### Action to Collect the Di Paolo Notes v. Angelo

40. FirstMerit restates, re-alleges and incorporates by reference Paragraphs i through 24 and Paragraph 27(j) of this Complaint as Paragraph 40.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 40.

41. As consideration for FirstMerit's agreement to extend credit to the Di Paolo Borrowers, Angelo agreed to pay all amounts due FirstMerit by Di Paolo Borrowers under the Di

Paolo Notes, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:** Defendants admit the allegations of paragraph 41.

42. After the Di Paolo Borrowers' default under Forbearance Agreement, Angelo has made no payment on behalf of the Di Paolo Borrowers to satisfy the balance due FirstMerit under the Di Paolo Notes.

**ANSWER:** Defendants admit the allegations of paragraph 42.

43. Based upon the foregoing, Angelo is in breach of his obligations under the Angelo Guaranty, and FirstMerit is entitled to recover from him, after credit for all payments received by FirstMerit, as March 30, 2012, the amount of $6,124,362.47, plus interest accruing at 3% per annum.

**ANSWER:** Defendants deny the allegations of paragraph 43.

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT VII
### Action to Collect the Di Paolo Group Guaranty v. the Di Paolo Group

44. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 24 and Paragraph 27(j) of this Complaint as Paragraph 44.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 44.

45. As consideration for FirstMerit's agreement to extend credit to the Di Paolo Borrowers, the Di Paolo .Group agreed to pay all amounts due FirstMerit by Di Paolo Borrowers

under the Di Paolo Notes, including FirstMerif's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:** Defendants admit the allegations of paragraph 45.

46. After the Di Paolo Borrowers' default under Forbearance Agreement, the Di Paolo Group has made no payment on behalf of the Di Paolo Borrowers to satisfy the balance due FirstMerit under the Di Paolo Notes.

**ANSWER:** Defendants admit the allegations of paragraph 46.

47. Based upon the foregoing, the Di Paolo Group is in breach of its obligations under the Di Paolo Group Guaranty, and FirstMerit is entitled to recover from it, after credit for all payments received by FirstMerit, as of March 30, 2012, the amount of $1,200,000.00.

**ANSWER:** Defendants deny the allegations of paragraph 47.

WHEREFORE, the Defendants request the Court enter judgment in their favor and against the Plaintiff, First Merit Bank, and for any further relief the Court deems just.

## COUNT VIII
### Action to Collect the Evelynn Guaranty v. Evelynn

48. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 24 and Paragraph 27(j) of this Complaint as Paragraph 48.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 24, and 27(j.) as and for their answer to paragraph 48.

49. As consideration for FirstMerit's agreement to extend credit to Angelo, Evelynn agreed to pay all amounts due FirstMerit by Di Paolo Borrowers under the Angelo Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:** Defendants deny the allegations of paragraph 49.

50. After Angelo's default under Forbearance Agreement, Evelyn/1 has made no payment on behalf of Angelo to satisfy the balance due FirstMerit under the Angelo Note.

**ANSWER:** Defendants admit the allegations of paragraph 50.

51. Based upon the foregoing, Evelynn is in breach of her obligations under the Evelynn Guaranty, and FirstMerit is entitled to recover from her, after credit for all payments received by FirstMerit, as of March 30, 2012, the amount of $500,000.00.

**ANSWER:** Defendants deny the allegations of paragraph 51.

                        Respectfully submitted,

                        Di Paolo Company, A. & D. Leasing Co.,
Di Paolo Group Realty & Development Corporation,
Angelo Di Paolo, Evelynn T. Di Paolo, and
Midwest Bank and Trust Company, as Trustee under
Trust Agreement dated May 37, 1970, a/k/a Trust No.
70-05-420

By: /s/ Derek D. Samz
      One of their Attorneys

Paul A. Greco, ARDC# 6229350
Derek D. Samz, ARDC# 6290656
DI MONTE & LIZAK, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Phone: 847-698-9600
Fax: 847-698-9623
E-mail: dsamz@dimontelaw.com

18